

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[2] PAUL J. OTTLEY,<br>Defendant. | CRIM. NO. 14-738 (CCC) |

## PLEA AND FORFEITURE AGREEMENT
(Pursuant to Rule 11(c)(1)(A) and (B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Capo, Assistant United States Attorney, Chief, Criminal Division; Julia Diaz-Rex, Assistant U.S. Attorney, Unit Chief, Narcotics Unit; Desiree Laborde-Sanfiorenzo, Assistant U.S. Attorney, defendant's counsel, Juan Albino, Esq., and defendant Paul J. Ottley, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to COUNT ONE of the Indictment, charging Defendant with knowingly and intentionally combining, conspiring, confederating and agreeing with others, to commit an offense defined in Title 46, United Sates Code, Section 70503, that is: to possess with intent to distribute **five (5) kilograms** or more of a mixture or substance containing a detectable amount of **cocaine**, a Schedule II, Narcotic Drug Controlled Substance, on board a vessel subject to the jurisdiction of the United States, as defined in Title 46, United States Code,

Section 70502(c)(1)(A). All in violation of Title 46, United States Code, Sections 70503(a)(1), 70504(b)(1), and 70506(a) and (b).

2. **MAXIMUM PENALTIES**

In regards to COUNT ONE, the penalty for the offense as charged is a term of imprisonment which shall not be less than ten (10) years and up to life imprisonment, a fine not to exceed ten million dollars ($10,000,000), and a term of supervised release of not more than five (5) years in addition to any term of incarceration, pursuant to Title 21, United States Code, Sections 960(a)(1), (b)(1)(B), and Title 18, United States Code, Sections 3583(b)(1).

3. **ADVISORY NATURE OF THE SENTENCING GUIDELINES**

The defendant is aware that pursuant to the decisions issued on January 12, 2005, by the Supreme Court of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory. Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of a sentence may not be suspended.



4. **SPECIAL MONETARY ASSESSMENT**

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

5. **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered, and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete

2

information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

6. **RULE 11(e)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason cannot withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7. **SENTENCING GUIDELINES CALCULATIONS**

Although the Guidelines are now advisory, United States v. Booker, 125 S.Ct. 738, 744, (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. Booker, 125 S.Ct. At 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to

3

COUNT ONE:



| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| **COUNT ONE**<br>Title 46, U.S.C., §§ 70503, 70504, and 70506 | |
| **BASE OFFENSE LEVEL [U.S.S.G. § 2D1.1(c)(3)]**<br><br>The parties stipulate that the defendant is responsible for the possession of at least 50 kilograms of cocaine but less than 150 kilograms of cocaine | 34 |
| Timely Acceptance of Responsibility [U.S.S.G. § 3E1.1] | -3 |
| **TOTAL OFFENSE LEVEL** | 31 |
| There is no stipulation as to defendant's Criminal History Category (CHC) | CHC I-<br>108-135 mos. |

8.   **SENTENCE RECOMMENDATION**

The parties recommend a sentence of imprisonment at the statutory mandatory minimum, which is one hundred twenty (120) months of imprisonment.

9.   **CRIMINAL HISTORY CATEGORY**



The parties make **NO** stipulation as to defendant's Criminal History Category.

10.   **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties.

11.   **SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with defendant's counsel, Juan Albino, Esq., and indicates that counsel has rendered effective legal assistance.

4

**12.    RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.    If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.



c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on defendant's own behalf.   If the witnesses for the defendant would

not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

13.  **DISMISSAL OF REMAINING COUNTS**

All other counts will be dismissed upon defendant's sentencing.

14.  **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.



15.  **LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

16.  **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

17.  **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 120 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**RESPECTFULLY SUBMITTED.**

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
José Capó
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 2/14/18

_____
Julia Diaz-Rex
Assistant U.S. Attorney
Unit Chief, Narcotics Unit
Dated: 14 FEB 18

_____
Juan Albino Esq.
Counsel for Defendant
Dated: 4/25/18

_____
Paul J. Ottley
Defendant
Dated: 4-25-18

_____
Desirée Laborde-Sanfiorenzo
Assistant U.S. Attorney

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me.   Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case.   I have read this Plea Agreement and carefully reviewed every part of it with your attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 4/25/18

_____
Paul J. Ottley
Defendant

I am the attorney for the defendant.   I have fully explained to the defendant her rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case.   I have carefully reviewed every part this Plea Agreement with the defendant.   I have translated the plea agreement and explained it in the Spanish language t the defendant who has expressed having no doubts as to the contents of the agreement.   To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 4/25/18

_____
Juan Albino, Esq.
Counsel for Defendant

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying plea agreement in this case, the United States of America submits the following brief summary setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violations of Title 46, <u>United States Code</u>, Section 70503(a)(1).

On November 23, 2014, a Dutch allied Maritime Patrol Aircraft spotted a suspicious go-fast vessel in international waters, that is, around 40 nautical miles southwest of the island of Montserrat, heading northbound at around 20 knots. The vessel exhibited ~~no indicia of nationality~~ British nationality [P.J.O. 4/25/18] and had ~~multiple~~ no [4/25/18] fuel barrels on deck. The U.S. Coast Guard had a helicopter approach the go-fast and signaled the vessel to stop. However, the vessel continued its course and increased speed to around 30 knots. The helicopter disabled the vessel's outboards with disabling fire. Once the vessel started to come dead in the water, the defendants jettisoned the bales of cocaine. The U.S. Coast Guard crew recovered six bales of cocaine weighing around ~~210~~ 180 gram [4/25/18] kilograms.

At trial, the United States would have proven beyond a reasonable doubt that the defendant is guilty as charged in COUNT ONE of the Indictment by presenting physical evidence, photographs, and the testimony of a forensic chemist as an expert witness and law enforcement

\* For the purposes of this plea agreement, the parties stipulate that the defendant is responsible for the possession of at least 50 kilograms of cocaine but less than 150 kilograms of cocaine. [JM 4/25/18]

9

agents. Full discovery has been provided to the defendant through former and current counsel of record.

_____
Desiree Laborde-Sanfiorenzo
Assistant U.S. Attorney

_____
Juan Albino, Esq.
Counsel for Defendant

_____
Paul J. Ottley
Defendant