# IN THE UNITED STATES DISTRICT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No.: 14-738 (CCC) |
| | ) |
| (2) PAUL J. OTTLEY | ) |
| | ) |
| Defendant | ) |

## SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

COMES NOW, PAUL J. OTTLEY, hereinafter Mr. Ottley represented by the undersigned counsel and very respectfully submits and prays as follows:

**I.   LEGAL STANDARD IN SENTENCING**

Before imposing a Sentence, the Court must consider the following factors, pursuant to 18 U.S.C. §3553:

"a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed -
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for -
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

   (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title   28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
   (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement -
   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
   (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense."

## II.     PLEA AGREEMENT

Mr. Ottley was originally charged with two (2) counts; one (1) count for conspiracy to possess with intent to distribute controlled substances onboard a vessel subject to the jurisdiction of the United States and count two (2) for possession with intent to distribute controlled substances onboard a vessel subject to the jurisdiction of the United States. Both counts were charged under Title 46 U.S.C. §§70503(a)(1), 70504(b)(1) and 70506(a). The defense and the government reached an agreement whereby the government will dismiss count two (2) of the indictment. Mr. Ottley pled guilty to the other remaining count. The parties stipulated a recommended sentence of 120 months imprisonment. However, the Court has yet to decide on whether Mr. Ottley may qualify for the safety valve under 18 U.S.C. 3553(f) (see docket entries no. 130 and 133).

## III.    THE INCIDENT

The charges stem from an incident that occurred on November 23, 2014. The United States Coast Guard (while flying a helicopter) approached a vessel which exhibited British nationality. The U.S. Coast Guard signaled the vessel to stop. However, at the inception of the intervention, the passengers of the vessel did not realize or understand the signaling of the members of the helicopter, due to the fact that the helicopter was at a very high altitude and it was very difficult for the passengers of the vessel to decipher the signaling of the members of the Coast Guard. Additionally, a member of the Coast Guard pulled out a high potency rifle and shoot at vessel making it even more fearful for the vessel to stop. Eventually, the vessel stopped after the helicopter shot at the vessel's engines and disabled them. The U.S. Coast Guard recovered six bales of cocaine weighing approximately 180 kilograms of cocaine in the water next to the vessel. Mr. Ottley was not the captain or master of the vessel nor was he navigating it. He was detained and transferred to the Drug Enforcement Agency offices in Mayaguez, P.R.

## IV.  BACKGROUND INFORMATION ON PAUL

Mr. Ottley has an excellent relationship with his family who has provided their unconditional support throughout this ordeal. Paul is also a father to three children ages 17 (Ajera Ottley), 14 (Jeva Ottley) and 12 (Jyi Ottley). Even though Mr. Ottley doesn't have the custody of his children, he is an excellent father and provides for them. He voluntarily pays child support through an out of court agreement with their respective mothers.

Mr. Ottley has various skills and experience as a machinery operator. He has worked as such at the St. Thomas Department of Labor. He has also worked in landscaping and as a salesman.

## V.  CRIMINAL RECORD

Mr. Ottley has one prior arrest for a simple possession of less than one ounce of marijuana. This is a misdemeanor conviction for which he paid a fine. This is his only prior arrest and accrues one point under the United States Sentencing Guidelines. Thus, Paul is in criminal history category one. He has no history of violent behavior.

**VII. APLICATION OF THE SENTENCING STANDARDS**

A. Gravity of the offense

The offenses here are serious and Paul knows this. However, Mr. Ottley asks the Court to consider that he was a mere mule in the instant offense following orders. He was a passenger in a vessel that had bales of cocaine. He did not have the intention of disobeying law enforcement when the Coast Guard signaled the passengers of the vessel to stop. Since the signaling was coming from a helicopter at a very high altitude and shots were being fired by the helicopter, it was very difficult to decipher the signaling from the water. Paul was terrified when he saw the Coast Guard pointing a high potency rifle at the vessel and hearing the shots fired at the engines. Nevertheless, once stopped Mr. Ottley followed every instruction given to him by law enforcement.

B. Character of the Offender

Mr. Ottley has no prior criminal conviction for any felony offense. He does have a prior conviction for a misdemeanor offense. He doesn't have a history of violent behavior. He is a father and has the full support of his family.

C. Protection of the Public

The public has a right to be protected from crimes. Sentencing however, is an individualized process. The parties have tailored a sentencing recommendation that takes into account all the sentencing factors for which we request the Court to follow. Mr. Ottley

understands that when he commits the type of crime he did, it has an effect on the community. People don't feel as safe perhaps as they once did and this has consequences for him for which he has suffered. This is Mr. Ottley's first time in prison and he never wants to go back again. He also understands that he will be placed on supervise release after he finishes serving his time of imprisonment and should he violate any of his conditions he will likely be returned to the Court for sentencing, and face further period of confinement.

## VI. CONCLUSION AND RECOMMENDATION

Paul is a young man who has not previously been convicted of a felony. He committed a mistake for which he has suffered. His character is such that he appears to be a good candidate for rehabilitation. The Defense respectfully requests that the Court consider following the joint sentencing recommendation agreed to by the parties in the plea agreement and additionally, allow Mr. Ottley to comply with the safety valve.

WHEREFORE, it is respectfully requested this Court consider the above at time of sentencing.

RESPECTFULLY SUBMITTED

Dated:   August 20, 2018

I HEREBY CERTIFY that on August 20, 2018 I electronically filed the forgoing Motion with the clerk of the court using the CM/ECF electronic filing system, which will send notification of such filing to the attorneys of record.

*Juan A. Albino Gonzalez*
/s/ JUAN A. ALBINO GONZALEZ
Attorney for Defendant
U.S.D.C. – P.R. #225405
Capital Center Building
South Tower Suite 702
239 Arterial Hostos Ave.

San Juan, P.R. 00918
albinogonzalezlaw@gmail.com