## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**
      Plaintiff,

v.

**CRIMINAL NO. 12-738 (CVR)**

**[2] PAUL J. OTTLEY,**
      Defendant.

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE TERM

TO THE HONORABLE COURT:

**COMES NOW** the United States of America, herein represented through its attorneys and very respectfully submits the following response:

Defendant Paul J. Ottley filed a *pro-se* request for early termination of supervised release. (ECF No. 205).  The defendant basically, relays that since his release for incarceration he has maintained a full-time employment, remained drug free, lives an honest and responsible life and has a job that requires continue education to grow his business.  *Id.*

### Background

On April 4, 2018, defendant Ottley pled guilty to Count One (1) of the Indictment for conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States. (ECF No. 120).   On June 19, 2019, this Court entered judgment against defendant Ottley sentencing him to eighty-seven (87) months of imprisonment as to Count One (1). Upon release the defendant was required to complete a supervised released term of five (5) years as to Counts One (1). *Id.*

1

The defendant commenced his supervise release term on January 27, 2021. He has been on supervised released approximately two (2) years and one (1) month. Supervision is not set to expire until January 2026.

### Discussion

The purpose of supervised release "is to improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–9 (2000) (citation omitted). A district court may terminate a term of supervised release after the completion of one year of the term if, after considering specified factors set forth in 18 U.S.C. section 3553(a) ("Section 3553(a)"), the court determines such action is **both warranted by the defendant's conduct and is in the interests of justice.** *See* 18 U.S.C. § 3583(e)(1) (Emphasis added). S*ee United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (noting that occasionally, changed circumstances, such as exceptionally good behavior, may render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).   With respect to modification, a district court may, after considering the Section 3553(a) factors, "modify, reduce, or enlarge the conditions – of supervised release, at any time prior to the expiration of termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision."   18 U.S.C. § 3583(e)(2).

By requiring courts to consider certain Section 3553(a) factors, Congress has indicated that the history and characteristics of the defendant, the nature of the offense, deterrence, public protection, training and education, the applicable guideline range for the offense, and avoidance

of unwarranted sentence disparities among similarly situated defendants are all relevant to a court's determination whether to terminate or modify a term of supervised release. *See United States v. McClamma*, 548 F. App'x 598, 599 (11th Cir. 2013) (citing 18 U.S.C. § 3583(e)(1).

Nevertheless, the defendant carries the burden to demonstrate that early termination is warranted. *United States v. Weber*, 451 F.3d 552, 559 fn. 9 (9th Cir. 2006). Early termination of supervised release "is not warranted as a matter of course; on the contrary, it is only occasionally justified due to changed circumstances of a defendant, such as exceptionally good behavior." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (internal quotation marks omitted).

After considering the Section 3553(a) factors, the question for the Court becomes whether early termination both is warranted by defendant's conduct and is in the interest of justice. *See* 18 U.S.C. § 3583(e)(1). In this case is neither.

By his motion, the defendant seeks termination of the five-year term of probation after having served about two (2) years and one month, about 41%, of the sixty (60) month (5 years) term.   Defendant Ottley has not served a significant amount of his supervised release period.   The only stated reasons for early termination are that the defendant has maintained a full-time employment, lives an honest and responsible life and has a job that requires continue education to grow his business. Also importantly, defendant does not explain why the early termination of supervised release would serve the interest of justice.   Although the defendant's complying with the terms of probation is commendable, mere compliance with conditions of supervision is not sufficient basis for termination of a term of probation.

This Court has considered the sentencing factors in the past when sentencing the defendant. The analysis the Court has previously made regarding the statutory sentencing factors should remain largely unchanged. In particular, early termination of supervised release is not warranted

considering the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. *See* 18 U.S.C. §§ 3553(a)(1); 3553(a)(2)(A)-(B).   The defendant's offense (which involved conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States) was serious and defendant's sentence appropriately reflects that.

Early termination is justified only occasionally. Importantly, Section 3583 does not provide for early termination based solely on a defendant's compliance with the terms of his supervision. *See United States v. West*, 2011 WL 1458723, at *1 (M.D. Ga. Apr. 15, 2011) (denying motion for early termination where defendant became extensively involved in community service and his local church, finding nothing exceptional to warrant termination); *United States v. Reisner*, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008) (denying motion for early termination in view of the defendant's failure to "demonstrate exceptionally good behavior or other extraordinary circumstances sufficient to warrant early termination"). Instead, early termination of supervised release should occur only when the defendant establishes "something exceptional or extraordinary warrants it." *United States v. Laine*, 404 F. App'x 571, 573–74 (3d Cir. 2010) (citation omitted).

The defendant fails to demonstrate an exceptional good behavior.   Defendant's conduct, while commendable, is expected; it is not so extraordinary or exceptional such as to warrant early termination of supervised release.   *Id.*

Thus, since the Court must conclude that the early termination of supervised release is warranted both by the defendant's conduct and by the interest of justice, defendant's motion for early termination of probation should be denied.   The offense to which the defendant pled guilty

is a serious offense, in that the defendant was involved in a drug conspiracy and he fails to explain why the early termination of supervised release would serve the interest of justice.

Although imposing some restrictions on the defendants, the terms of probation ordered by the Court are not onerous. See *United States v. Boyd*, 606 Fed. Appx. 953, 961 (11th Cir. 2015) ("Defendant notes that he has done so well on release, he is no longer even required to report to his probation officer.   In other words, it appears that Defendant is operating under a non-reporting term of supervision. If accurate, what this means in practical terms is that the only potential ramification posed by continuing supervised release of Defendant is the possibility of revocation, and perhaps a return to prison, should he violate the law during the remainder of his term. Unless Defendant intends to break the law again, this incentive to continue his good behavior should not pose an unreasonable burden and, in fact, it is arguably a helpful nudge to encourage the Defendant to continue being a law-abiding citizen"). In the present case, asking the Probation Office for permission to travel is not onerous. It requires planification and organization, but once identified a continue education course that the defendant is interested in, he just must plan accordingly to travel with the Probation Office. Continued education, in almost all fields, is offered with a scheduled that can be accommodated to the defendants' conditions. Curiously the defendant has not mentioned once in his motion that the Probation Office has denied a travel petition. Which means that with a little bit of planification and organization the defendant can continue take courses, certifications and to grow his business. That possibility to study and grow his business does not interfere with the defendant's rehabilitation, and as correctly stated by the defendant, the purpose of the supervise release is rehabilitation. Having to schedule, organize his life while complying with conditions, and asking for permission to travel is part of his rehabilitation.

5

**WHEREFORE**, in view of the foregoing the United States of America respectfully requests that defendant Ottley's request be DENIED.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 6 day of March 2023.

W. Stephen Muldrow
United States Attorney


/s/ Michele Colon
Michele Colon
Special Assistant United States Attorney
USDC # G03014
United States Attorney's Office
District of Puerto Rico
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel: (787) 766-5656
Email: michele.colon@usdoj.gov


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was uploaded on this date, into the Court's website using the CM/ECF system and a copy served upon the person listed below by depositing in the United States Post Service in an envelope with correct postage for delivery.

Paul J. Ottley
10102 Est. Charlotte Amaitie
St. Thomas, V.I. 00802


/s/ Michele Colon
**Michele Colon**
U.S.D.C. # G03014

6